**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2106
_____

LAWRENCE BRANDON,
                                    Appellant

v.

CAMBRIA COUNTY TRANSIT AUTHORITY; DOUGLAS W. FYOCK
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-22-cv-00085)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 29, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: April 3, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Lawrence Brandon appeals the District Court's dismissal of his civil rights case for failure to state a claim. We will affirm the judgment of the District Court.

## I.

Brandon filed a complaint against the Cambria County Transit Authority ("CamTran") and one of its drivers, Douglas W. Fyock ("Fyock"), pursuant to 42 U.S.C. § 1983. DC ECF 4. His complaint alleged that the defendants had violated his right to travel under the Fourteenth Amendment, and that he had been injured by Fyock's negligence after Fyock slammed the bus doors on him. Id. Defendants moved to dismiss Brandon's complaint for failure to state a claim, and the District Court granted the motion. DC ECF 14. The District Court granted the motion and dismissed the case on the grounds that the facts contained in Brandon's complaint did not implicate the right to travel, and because § 1983 does not allow for negligence claims. DC ECF 14. This appeal followed. CA ECF 1.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's grant of the motion to dismiss pursuant to Rule 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).

## III.

We agree with the District Court that Brandon has failed to state a claim under the Fourteenth Amendment. DC ECF 14 at 2. Brandon's complaint alleges that he has been prevented from utilizing the CamTran buses only in the Johnstown area. Based on the principle that the Constitution only protects the general right to travel, but not travel via a particular method, "[b]urdens on a single mode of transportation do not implicate the right to interstate travel." Owner Operator Indep. Drivers Ass'n v. Pa. Tpk. Comm'n, 934 F.3d 283, 295 (3d Cir. 2019) (quoting Miller v. Reed, 176 F.3d 1202, 1205 (9th Cir. 1999)). Because Brandon has merely asserted that he has been prevented from accessing a single mode of intrastate transport, his complaint was properly dismissed as it fails to state a claim under the Fourteenth Amendment. Fed. R. Civ. P. 12(b)(6).

Nor has Brandon stated a claim for negligence against Fyock under 42 U.S.C. § 1983. "[N]egligence claims are not encompassed within § 1983," and as a result, his negligence claim is not cognizable under that law. Davidson v. O'Lone, 752 F.2d 817, 826 (3d Cir. 1984).[1] We are satisfied that it was unnecessary to grant leave to amend because any amendment would have been futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Accordingly, we affirm the judgment of the District Court.

---

[1] On appeal, Brandon argues that the District Court erred by not applying state negligence law to his claim. CA ECF 10 at 6. The District Court stated that, to the extent the claim sounded in state law, it would decline to exercise supplemental jurisdiction. This was well within its discretion. See Hedges v. Musco, 204 F.3d 109, 122-23 (3d Cir. 2000) (citing 28 U.S.C. § 1367(a), (c)).